721 P.2d 659

**COMPUTER LEASING, INC., a California corporation, Plaintiff/Appellee,**

v.

**CASA MOLINA RESTAURANTS, INC., an Arizona corporation, Wayne Hallquist and Elias Molina, Defendants/Appellants.**

No. 2 CA–CIV 5379.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 11, 1985.

Reconsideration Denied Nov. 12, 1985.

Order Granting Review Vacated May 28, 1986.

John Escher, III, Tucson, for plaintiff/appellee.

Slutes, Sakrison, Grant & Pelander, P.C. by Mark Rubin and James M. Sakrison, Tucson, for defendants/appellants.

## OPINION

LACAGNINA, Judge.

In this case, Casa Molina Restaurants (Casa Molina) entered into a rental lease agreement with Applied Technology Leasing Corporation (Applied Technology) for computer equipment for two of its restaurants.

Following execution of the agreement, Casa Molina made ten payments and then refused to make any more. Applied Technology accelerated the balance due and brought suit. Casa Molina counterclaimed for breach of contract and breach of implied warranty, and further alleged an ineffective warranty disclaimer and unconscionable contract and sought rescission. Upon motion for summary judgment, the trial court awarded Applied Technology the remaining balance due under the terms of the lease ($52,406.40) plus costs and attorney's fees. From this judgment, Casa Molina appeals and argues the trial court erred in granting summary judgment because of the existence of material issues of fact regarding the agreement itself and the relationship between HLX Data Systems and Applied Technology. We disagree and affirm.

Applied Technology is engaged in the business of long-term equipment leasing. HLX Data Systems manufactured the equipment and sold it to Applied Technology. (Sometime in 1982 Applied Technology assigned its lease rental agreements to Computer Leasing, Inc.). The agreement covered a sixty-month period, with monthly rental payments. In the agreement, lessor disclaimed all warranties, express or implied and disclaimed any agent/principal relationship between themselves and the sales representative who arranged the transaction. If the equipment proved unsatisfactory, Casa Molina's sole remedy was against HLX, the supplier, having been assigned all of Applied Technology's

defenses against HLX by the terms of the lease.[1] Casa Molina was nevertheless obligated to continue making rental payments to Applied Technology, who retained ownership in the equipment. Casa Molina was not given an option to buy the equipment.

1. "2. SELECTION OF EQUIPMENT; ACCEPTANCE; NO WARRANTIES BY LESSOR

   (A) Lessee has selected both (1) the equipment and (2) the above supplier from whom Lessor is to purchase the equipment. LESSOR MAKES NO WARRANTY EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY OR ITS FITNESS FOR ANY PARTICULAR PURPOSE, AND AS TO LESSOR, LESSEE LEASES THE EQUIPMENT 'AS IS.'

   (B) IF THE EQUIPMENT IS NOT PROPERLY INSTALLED, DOES NOT OPERATE AS REPRESENTED OR WARRANTIED BY SUPPLIER OR IS UNSATISFACTORY FOR ANY REASON, LESSEE SHALL MAKE ANY CLAIM ON ACCOUNT THEREOF SOLELY AGAINST SUPPLIER AND SHALL NEVERTHELESS, PAY LESSOR ALL RENT PAYABLE UNDER THIS LEASE, LESSEE HEREBY WAIVING ANY SUCH CLAIMS AS AGAINST LESSOR. Lessor may include, as a condition of its Purchase Order, that supplier agree that all warranties, agreements and representations, if any, which may be made by supplier to Lessee or Lessor may be enforced by Lessee in its own name. Lessor hereby agrees to assign to Lessee, solely for the purpose of making and prosecuting any said claim, all of the rights which Lessor has against supplier for Breach of Warranty or other representation respecting the equipment. Lessor shall have no responsibility for delay or failure to fill the order.

2. "11. DEFAULT. Notwithstanding Lessor's rights and remedies set forth in Paragraph 10 hereinabove, if Lessee shall fail to pay any rent or other amount herein provided for within ten (10) days after the same becomes due and payable, or if Lessee fails to perform any other provision hereof within ten (10) days after Lessor shall have demanded in writing performance thereof, or if Lessee shall abandon the equipment, or if any proceeding in bankruptcy, receivership or insolvency shall be commenced by or against Lessee or its property, or if Lessee makes an assignment for the benefit of its creditors, or if Lessee makes any misrepresentation or false statement as to Lessee's credit or financial standing in connection with the execution of this lease, or if any substantial attachment or execution be levied on any of Lessee's property or if Lessee permits any other entity or person to use the equipment without the prior written consent of Lessor, Lessor shall have the right and option but shall not be obligated to exercise any one or more of the following remedies,

Upon default, the agreement granted Applied Technology certain remedies including, but not limited to, repossession, acceleration and recovery of the balance due or, in Applied Technology's sole discretion, mitigation of damages by resale of the equipment without notice.[2] Wayne Hall-

which remedies or any of them may be exercised by Lessor without notice to Lessee:

(A) REPOSSESSION: Lessor and/or its agents may, without notice of liability or legal process enter into any premises of or under control or jurisdiction of Lessee or any agent of Lessee where said equipment may be or believed to be located and repossess said equipment, disconnecting and separating all thereof from any other property and using all means necessary or permitted by applicable law. Lessee expressly waives any action or right of action of any kind whatsoever against the Lessor growing out of the removal, repossession or retention of the said equipment. Lessor may at its option sue at law or in equity, to enforce performance of this lease or recover damage for breach thereof.

(B) ACCELERATION: To declare all sums due and to become due hereunder immediately due and payable.

(C) RECOVERY OF SUMS DUE OR TO BECOME DUE: Lessor may recover all rents and other amounts due as of the date of such default, or in the event suit is thereafter brought by Lessor for same, recover all rents and other sums that may accrue thereafter up to and including the date of trial.

(D) OTHER REMEDIES: Lessor may pursue any other remedy now or hereafter existing at law or in equity.

(E) MITIGATION: In the event of any default by Lessee hereunder, Lessor may at his sole discretion, although he shall not be so obligated, sell the equipment at a private or public, cash or credit sale or may re-lease the equipment for a term and rental which may be equal to, greater than, or less then [sic] the rental and term herein provided. Any proceeds of sale, or any rental payments received under a new lease, less Lessor's expenses of taking possession, reasonable attorney's fees and/or collection fees, storage, reconditioning, if any, and sale or releasing, shall be applied on the Lessee's obligations hereunder, and lessee shall remain liable for the balance of the unpaid aggregate rental set forth above. Lessee's liability shall not be reduced by reason of any failure of Lessor to sell or re-let. In the event that the obligations of Lessee hereunder are guaranteed by a guarantor or guarantors Lessor shall not be obligated to proceed against any such guarantor or guarantors before resorting to its remedies against Lessee hereunder. In the event that Lessor institutes any action hereunder, this lease shall be deemed to have been entered into

quist and Elias Molina personally executed the agreement as guarantors.

Casa Molina's testimony, through depositions of Wayne Hallquist and Elias Molina, is consistent that the equipment never functioned satisfactorily and that some parts were never even made operational. They finally had to shut it down because they were losing too much business. The testimony is also consistent and uncontradicted by Applied Technology that Casa Molina was led to believe that HLX, the supplier, and Applied Technology were the same company. All negotiations included an HLX representative and Richard Palermo, but it was never represented to them that Applied Technology was separate from HLX. In fact, Wayne Hallquist testified he had never heard of Applied Technology until the deposition.

In this case, the trial court found after a review of all the evidence that Applied Technology was entitled to judgment as a matter of law by the express terms of the contract. Our review of the four corners of the contract, without any evidence of fraud, misrepresentation or mistake by Applied Technology toward Casa Molina, yields the same result. *Isaak v. Massachusetts Indemnity Life Insurance Co.*, 127 Ariz. 581, 623 P.2d 11 (1981).

Both the terms of the contract and the facts which Casa Molina rely on indicate that their sole remedy is against HLX and/or Richard Palermo, the sales representative. Assuming, without deciding, that evidence of an agency relationship between Palermo/HLX and Applied Technology could have raised material fact issues, thereby defeating summary judgment, the trial court had no suchevidence before it and was justified in granting summary judgment.

The judgment in favor of Applied Technology in the amount of $52,406.40, plus the award of costs and attorney's fees, is affirmed.

LIVERMORE, Judge, specially concurring.

Ordinarily, a lease involves mutual conditions that the leased property will be as represented and that the lessee will make the lease payments. Failure to perform by either party excuses the other from its performance. The effect of the transactions in this case was to uncondition the lessee's duty to pay. If the evidence established that HLX and Applied Technology were engaged together in the development of the computer market with the purpose of eliminating failure of consideration as a defense in the sale or leasing of their product, I might be persuaded that Casa Molina could nonetheless raise that defense. See *Unico v. Owen*, 50 N.J. 101, 232 A.2d 405 (1967). However, because Casa Molina neither raised this argument below nor supported it with more than what its counsel characterized as suspicion, that issue can await another day.

HATHAWAY, P.J., concurs.

---

at the offices of Lessor at Anaheim, California, and all performance on the part of Lessee, including the payment of all sums due hereunder, shall be deemed to have been required to be performed by Lessee at the offices of Lessor at Anaheim, California."